[No. 4575–II.   Division Two.   December 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. MARY CATHERINE HALVORSEN, *Appellant.*

*Mary Catherine Halvorsen,* pro se.

*C. Danny Clem, Prosecuting Attorney,* and *Linda C. Krese, Deputy,* for respondent.

PEARSON, J.—Defendant appeals her conviction of operating a kennel without a license. The primary issue is whether Kitsap County Code 7.12.100 is unconstitutional because it conflicts with a state statute. We reverse.

The stipulated facts giving rise to this appeal are as follows. In August of 1979, defendant and her three children owned five dogs. Defendant kept these dogs under her control on her 3 acres of property on Bainbridge Island in Kitsap County. All the dogs were individually licensed, but defendant refused to purchase a kennel license as required by Kitsap County Code 7.12.100.

On August 23, 1979, defendant was cited for committing the misdemeanor offense of violating section 7.12.100. She

was tried and found guilty in Kitsap County District Court, and she appealed to Kitsap County Superior Court, where her conviction was affirmed. After her subsequent motion to dismiss was denied, she appealed pro se to this court.

Among other contentions, defendant claims section 7.12-.100 violates article 11, section 11 of our state constitution because it conflicts with RCW 36.49.010.[1] Article 11, section 11 grants authority to a county to make and enforce local police, sanitary, and other regulations not in conflict with the general laws of this state. RCW 36.49.010 authorizes a county which elects to license dogs to require an owner or keeper of dogs kept in kennels for breeding, sale, or sporting purposes to acquire a kennel license. Kitsap County's section 7.12.100 requires a kennel license where four or more dogs over the age of 4 months are kept for *any* purpose.[2] Specifically, defendant claims that section 7.12-.100 is unconstitutional because it authorizes the imposition of criminal sanctions on a dog owner who fails to acquire a kennel license, even though the owner does not keep the dogs for breeding, sale, or sporting purposes.

In determining whether a local ordinance conflicts with a state statute, we must determine whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa. *Ritchie v. Markley,* 23 Wn. App. 569, 573, 597 P.2d 449 (1979). The local ordinance may require more than the statute requires, unless the state

---

[1]Defendant did not raise this particular claim at either the district or Superior Court proceeding, but may properly do so now pursuant to RAP 2.5(a)(3).

[2]"7.12.100 Dog kennel license. It is unlawful for any person, firm, corporation, organization or department to own, maintain or operate a kennel in the unincorporated area of Kitsap County unless said person, firm, corporation, organization or department has procured a kennel license and an individual kennel license tag for each dog kept therein as hereinafter provided; provided, that individual kennel license tags shall not be issued for individual dogs being boarded on a limited-time basis at a recognized boarding kennel. For the purpose of this chapter, 'kennel' means any house, structure, enclosure or place where four or more dogs over the ages of four months are kept for breeding, sale, training, boarding or sporting purposes, *or are kept or cared for as pets or for any other purpose.*" (Italics ours.)

statute expressly limits the scope of the statute's requirements. *Stephanus v. Anderson,* 26 Wn. App. 326, 333, 613 P.2d 533 (1980). Ordinances are presumed constitutional and a defendant has the heavy burden of proving the invalidity of an ordinance beyond a reasonable doubt. *Bellevue v. State,* 92 Wn.2d 717, 720, 600 P.2d 1268 (1979).

▮ We believe that the legislature has not provided counties with the authority to impose criminal sanctions on dog owners who fail to purchase kennel licenses where the dogs are owned solely as pets, and that defendant has proved the invalidity of the ordinance beyond a reasonable doubt. RCW 36.49.010 only authorizes a county to require kennel licenses when dogs are kept for breeding, sale, or sporting purposes. Because the county's section 7.12.100 requires a kennel license where dogs are kept for any purpose, we find that section 7.12.100, as applied to the facts of this case, conflicts with the express limitation of RCW 36.49.010 and thereby violates article 11, section 11 of our state constitution. As defendant has successfully attacked section 7.12.100 on the above grounds, we do not reach the merits of her remaining contentions.

Reversed and remanded with instructions to vacate the conviction.

PETRIE, A.C.J., and PETRICH, J., concur.